NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUN YUE HE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-2086<br><br>Agency No.<br>A213-142-098<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Dun Yue He ("Petitioner"), a citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's

("IJ") order denying his application for asylum and withholding of removal claims,

and dismissing his Convention Against Torture Act ("CAT") claim. This court has

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the agency's adverse credibility finding. *See Turcios v. INS*, 821 F.2d 1396, 1398 (9th Cir. 1987). First, the IJ considered Petitioner's visa fraud as damning to his credibility. This court has previously found that "a conscious decision to lie to the asylum office about a fact . . . always counts as substantial evidence supporting an adverse credibility finding." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). As such, Petitioner's conscious decision to lie in his visa application in 2016 before illegally entering the United States through Mexico supports an adverse credibility finding. And Petitioner's visa fraud does not fall under the "narrow *Akinmade* exception" of a refugee fleeing persecution, given that he did not allege that he was fleeing an emergency when he applied in 2016—as he filed the application nearly a decade after the incident with his wife and before he was purportedly beaten by police for attending a religious gathering. *See id.* (simplified).

Second, Petitioner's inconsistent testimony regarding the political grounds of his claim further supports the adverse credibility finding. He never mentioned his "primary" claim of fearing political persecution or the allegedly violent 2007 incident involving his wife during either of his two interviews with a border patrol agent and then an asylum officer. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (holding that petitioner's failure to mention a violent incident in his

initial application supported an adverse credibility finding).

Third, Petitioner provided inconsistent testimony regarding his fear of persecution on religious grounds. He explained that his wife shared that the police threatened "severe, very serious" consequences and his wife's letter said the police threatened a life sentence. But, on cross examination, Petitioner said he did not know about this police encounter with his wife and admitted that "in general, it would not be a life sentence . . . it would be three to five years, five to seven years." Additionally, Petitioner has not provided an explanation for why he did not just stay in Mexico, where he had a valid visa, if his goal was only to escape the alleged persecution in China. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) (holding that relevant facts that are not conclusive on their own still support an adverse credibility finding in totality of the circumstances).

Petitioner's corroborative evidence does not rehabilitate his credibility. The dates on the medical documents and police records from May 2017 were inconsistent with Petitioner's testimony. While it is true that this alone would not be sufficient to support an adverse credibility finding, it is appropriate to include it when considering the totality of the circumstances. *Silva-Pereira*, 827 F.3d at 1187 (finding that the date discrepancies in petitioner's testimony, though not sufficient alone, supported an adverse credibility finding when taken in totality of the circumstances). Additionally, the wife's letter and medical documents from 2007

do not resolve the faults in Petitioner's testimony, because they lack meaningful detail.

2. Substantial evidence supports the agency's decision to deny Petitioner's claim for asylum and withholding of removal. The agency made an adverse credibility finding, so his testimony is not sufficient to support his burden on either claim. *Saballo-Cortez v. INS*, 761 F.2d at 1262 (holding that an adverse credibility finding supported the BIA's denial of asylum and withholding of removal); *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (finding that "[e]ligibility for asylum depends on the credible establishment" of the key elements to an asylum application).

And even assuming Petitioner could demonstrate credibly that he was persecuted based on a protected ground, he failed to prove likelihood of future persecution. There is no reason to believe Petitioner would not attend a state-sanctioned church in China. Also, he has not alleged any attempts by the Chinese government to look for him since 2017. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (finding that petitioner did not establish likelihood of future persecution where he did not show persecutor had an active interest in petitioner).

3. We decline to review Petitioner's CAT claim, as he failed to exhaust it before the IJ. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED**.